IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH BATES, on behalf of ROBERT BATES, | No. C 03-1026 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Judith Bates ("Plaintiff") brings this action on behalf of her now-deceased spouse ("Decedent") pursuant to the judicial review provision of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff seeks to obtain review of a decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying Decedent's disability insurance benefits ("DIB"). Now before the Court are Plaintiff's Motion for Summary Judgment ("Motion") and Defendant's Cross-Motion for Summary Judgment ("Cross-Motion").

## BACKGROUND

**A.    Factual Background**

Decedent Robert Bates was a partner in Bates Enterprises of Oregon, a family logging business, between the years 1991 and 1993. Transcript of Record at 44 ("Tr."). Decedent worked for another two

1  years as an employee of Bates Logging after the partnership incorporated in 1993. *Id.* at 45. Decedent
2  claimed that he became disabled on January 1, 1996. *Id*. at 9. To qualify for disability insurance benefits
3  ("DIB"), Decedent needed to have accumulated at least twenty "quarters of coverage" in the ten years
4  prior to becoming disabled. *See* 20 C.F.R. § 404.130. A "quarter of coverage" represents a quarter-year
5  period during which the claimant paid into social security. 20 C.F.R. § 404.140. Decedent's employment in
6  1994 and 1995 generated eight quarters of coverage. Tr. at 40-41. On April 10, 2000, Decedent filed a
7  disability application in which he requested to correct his earnings record to reflect social security payments
8  allegedly made from 1991 to 1993. *Id*. at 12.  Plaintiff, who brings this action on behalf of Decedent,
9  apparently argues that the alleged payments provided an additional twelve quarters of coverage and
10 therefore qualified Decedent for DIB. *See id.* at 41.[1]  If Decedent did pay into social security from 1991 to
11 1993, then he would have qualified for DIB because he would have achieved 20 quarters of coverage.

**B.      Procedural History**

Decedent filed an application for DIB on April 10, 2000. *Id.* at 12 & 67. On May 5, 2000, Defendant denied the claim for DIB because Decedent lacked the necessary quarters of coverage to justify paying his claim. *Id.* at 83-88. Decedent requested a reexamination and again Defendant denied DIB on May 15, 2000. *Id.* at 91-93.

Decedent requested that his case be heard by an Administrative Law Judge ("ALJ") and received a *de novo* hearing on April 5, 2001. *Id*. at 28-66. On April 24, 2001, the ALJ found that Decedent did not qualify for DIB because he was uninsured for DIB due to inadequate earnings. *See* Tr. 9-13. The Appeals Council denied review.  *Id*. at 3-4.

Plaintiff filed the Complaint on March 10, 2003. [Docket No. 1.] On October 8, 2004, Plaintiff filed a Motion for Summary Judgment. [Docket No. 18.] Defendant filed its opposition and Cross-Motion for Summary Judgment on November 10, 2004. [Docket No. 20.]

Plaintiff failed to file an opposition to Defendant's Cross-Motion, instead filing a letter with the Court on April 11, 2005 asking that the summary judgment motion serve as an opposition to Defendant's

---

[1] Plaintiff does not assert that quarters of coverage were earned in any year within the 10-year period prior to Decedent's disability, with the exception of payments made in 1994 and 1995 and alleged payments made in 1991, 1992 and 1993.

2

Cross-Motion for Summary Judgment. [Docket No. 22.] Under this Court's Standing Order, failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion. (Standing Order, ¶ 8.) While Plaintiff's April 11, 2005 letter is both untimely and woefully inadequate, in the interests of justice, the Court will construe this letter as a timely opposition to Defendant's Cross-Motion for Summary Judgment and will consider the merits of the respective motions.

**C.     Summary of ALJ's Findings**

After considering the entire record, the ALJ found as follows:

1. The claimant filed tax returns during the years 1991 through 1993 declaring a net loss from self-employment, thus providing for no entries on his official social security record for those years.

2. The record does not show that the claimant has filed amended tax returns for years 1991 through 1993 within the time limit established for correcting earnings his record. [sic]

3. The claimant has not filed a social security application, which is currently not binding and final, that was filed within the established time limit for correcting the social security earnings record.

4. Other exceptions to the established deadline for correcting the social security earnings record do not apply in this case.

5. The claimant has not shown his social security record to be incorrect.

6. The time limit for correcting the social security earnings report has expired, and none of the exceptions to the time limit apply.

7. The claimant's earnings record is not subject to correction.

8. The claimant's disability insured status expired December 31, 1992.

9. The claimant does not qualify for a period of disability and disability insurance benefits because his disability did not begin prior to the expiration of his disability-insured status.

Tr. at 12-13. Accordingly, because Decedent demonstrated no social security earnings from 1991 to 1993, the ALJ concluded that Decedent was not entitled to DIB.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review an administrative decision denying social

security benefits. 42 U.S.C. § 405(g). "The findings of the Secretary are conclusive [42 U.S.C. § 405(g)], and the decision of the Secretary to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error." *Matney on Behalf of Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992); *see Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion based on the record as a whole. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Evidence can be substantial if it is more than a scintilla, even though less than a preponderance. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998). Rather, the court must "consider the record as a whole, weighing both evidence that supports and evidence that detracts" from the Commissioner's conclusion. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

## **DISCUSSION**

Plaintiff's sole argument on appeal is that she is entitled to Decedent's DIB because Decedent paid quarters of coverage from 1991 to 1993. In support of this claim, Plaintiff attaches an earnings record from the Social Security Administration dated February 22, 2000 showing Decedent's earnings for each of the three years in question and allegedly demonstrating payment of quarters of coverage for that period. Declaration of Judith Bates ("Bates Decl.") at Exhibit A.

Defendant contends that the ALJ's ruling should be upheld because the earnings record Plaintiff cites to was calculated incorrectly and subsequently withdrawn. In support of this contention, Defendant submits the declaration of Renee Speight, an analyst in the Operations Analysis Staff for the Western Program Service Center of Region IX of the Social Security Administration. Declaration of Renee Speight, ("Speight Decl.") at ¶ 2. Speight avers that the earnings listed in Plaintiff's Exhibit A were added to the Decedent's account in February of 2000. *Id*. at ¶ 3. Speight further notes that the earnings were promptly removed on February 24, 2000 because they were not legitimate. *Id.* at ¶4. A copy of the Decedent's earnings record attached to the Speight Declaration shows the earnings were removed because the W-2

forms Decedent had submitted were "questionable." *Id.* at Exhibit A. Plaintiff provides no response to Defendant's argument that the February 22, 2000 earnings record is irrelevant because the February 24, 2000 correction removed those earnings.

Moreover, Plaintiff does not challenge the ALJ's determination that the statute of limitations for correcting the Decedent's earnings record had expired. Tr. at 11-12. The statute of limitations for correcting an error in a social security earnings record is three years, three months, and fifteen days following the year in question. 20 C.F.R. § 404.802. Accordingly, the ALJ found that the deadlines for requesting an earnings correction for 1991, 1992 and 1993 were April 15, 1995, April 15, 1996, and April 15, 1997, respectively. Tr. at 11-12. The ALJ found, and Plaintiff does not dispute, that the claimant did not make an actual request to correct his earnings record until April 10, 2000. *Id*. Thus, the ALJ found that the statute of limitations had expired, and also found that no exceptions applied. *Id*. at 12. Plaintiff does not dispute any of these findings.

The ALJ's determination on the merits was supported by substantial evidence. Coverage for social security differs depending upon whether one is an employee or self-employed. *See* 20 C.F.R. § 1001(a)(1). Decedent was a partner in Bates Enterprises and was, therefore, not an employee. Tr. at 10. Decedent could only qualify for social security based on covered self-employment income. 20 C.F.R. § 1001(a)(5). However, Decedent's 1991-93 W-2 tax returns all demonstrated net losses. Tr. at 10. Because the W-2s demonstrated net losses, Decedent had no income that would qualify as earnings for the purposes of social security.[2] Accordingly, the ALJ's determination that Decedent did not qualify for DIB is supported by substantial evidence and is free of legal error.

## CONCLUSION

For the reasons stated above,

---

[2] In her declaration, Plaintiff asserts that she was Decedent's accountant from 1991-1993 and reported income to the Social Security Administration and paid income taxes to the IRS thereon. Bates Decl., ¶ 5. However, she provides no evidence in support of her assertion. In addition, although she is represented by counsel, she makes no argument that her motion should be granted on this basis.

1  IT IS HEREBY ORDERED THAT Plaintiff's Motion for Summary Judgment is DENIED and
2  Defendant's Cross-Motion for Summary Judgment is GRANTED.
3  IT IS FURTHER ORDERED THAT all matters calendared in this action are VACATED. The
4  Clerk shall close the file and terminate any pending matters.
5  IT IS SO ORDERED.

8  Dated: 6/9/ 2005                                    s/Saundra Brown Armstrong
9                                                     SAUNDRA BROWN ARMSTRONG
                                                       United States District Judge